FILED
DEC 2 0 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INS., | No. C05-02575 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| SAN FRANCISCO CITY & COUNTY, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's Motion to Dismiss Complaint or Stay Action. Defendant, the City and County of San Francisco ("Defendant", the "City"), seeks to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff St. Paul Fire and Marine Insurance Company ("Plaintiff", "St. Paul") opposes the action. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

## FACTUAL BACKGROUND

This case concerns Plaintiff's defense obligations under two liability insurance policies issued by Plaintiff to Defendant (the "Policies"). Plaintiff seeks a declaratory judgment to the effect that it is not obliged to defend the City in a lawsuit filed in state court (the "State Action") by Alioto Fish Company Ltd. ("Alioto").

## A. The State Action

The instant coverage dispute stems from a suit by Alioto against the City in the San Francisco Superior Court for the State of California (Case No. 04-436825, December 3, 2004). The City owns and operates a facility consisting of wharfs, piers, and buildings located at Pier 49 in the Fisherman's Wharf area of San Francisco. Alioto, the plaintiff in the State Action, operates a business in the Pier 49 facility and leases property from the City. In the State Action complaint, Alioto alleges that the City failed to regularly inspect and repair the structure underneath Alioto's property which resulted in damage to Alioto's business. The City also leases property to several other tenants in Pier 49 who are similarly situated, but have not filed suit.

On June 23, 2005, Plaintiff St. Paul filed the instant coverage action in federal court seeking a declaratory judgment that Plaintiff is not obliged to defend or indemnify the City in the State Action, or in any other actions resulting from the circumstances which gave rise to the State Action. Additionally, Plaintiff seeks reimbursement for defense costs and attorneys fees related to defending the City the underlying State Action.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337 (9th Cir. 1996). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). In reviewing such a motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *See N. Star v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983). In the context of a motion to dismiss, review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). However, matters properly presented to a court, such as those attached to the complaint and incorporated within its allegations, may be considered as part of the motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

(9th Cir. 1989).

Motions to dismiss for failure to state a claim "are generally viewed with disfavor." *Ramos v. Cal. Comm. of Bar Exam'rs of the State Bar of Cal.*, 857 F. Supp. 702, 704 (N.D. Cal. 1994). "Each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). If the complaint does not meet the liberal pleading standard, a court must grant leave to amend unless "it is absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A.  Declaratory Judgment Act Relief

This action involves declaratory relief pursuant to the 1934 Declaratory Judgment Act. The present form of the statute provides that, "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." *Id.* (emphasis added). In any action brought pursuant to the Declaratory Judgment Act, a district court must first inquire whether there is an actual case or controversy in its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction under the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 49, (1942), and its progeny. *Id.*

The exercise of jurisdiction under the Federal Declaratory Judgment Act is left "to the sound discretion of the federal district courts." *Huth v. Hartford Ins. Co.*, 298 F.3d 800, 802 (9th Cir. 2002). A district court is not required to exercise its authority, even if it has subject matter jurisdiction over an action. *Government Emp. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998). If a party properly objects to the exercise of a district court's discretionary jurisdiction under the Declaratory Judgment Act, the court must articulate, on the record, its reasons for declining or accepting jurisdiction. *Id. at* 1225.

3

The Court's discretion to exercise jurisdiction over a declaratory judgment action is guided by the factors articulated in *Brillhart*. These factors are non-exclusive and state that, "[1) ][t]he district court should avoid needless determination of state law issues; [2) ] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3) ] it should avoid duplicative litigation." *Dizol* 133 F.3d at 1225 (citing *Robsac*, 947 F.2d at 1371-73). "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.' " *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994) (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir.1991)).

Subsequent cases have offered further considerations, including, "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Principal Life*, at 672 (quoting *Dizol*, 133 F.3d at 1225, n.5).

## ANALYSIS

The above framework requires the Court to inquire whether the instant action meets the case and controversy requirement, and if so, to articulate the reasons for declining or accepting jurisdiction.

### A.   Case or Controversy Requirement

An action by an insurer to determine its liability to defend or indemnify an insured satisfies the case or controversy requirement. *See, Dizol,* 133 F.3d at 1222, fn 2, citing *American Nat'l Fire Ins. v. Hungerford*, 53 F.3d 1012, 1015-16 (9th Cir.1995); *Kearns*, 15 F.3d at 144.

B.  **Whether the Court has Mandatory Jurisdiction Over Plaintiff's Request for Reimbursement**

Plaintiff argues that the Court's jurisdiction over this matter is mandatory rather than discretionary because the Complaint in the instant action includes a claim for reimbursement. Plaintiff's third prayer for relief requests a declaratory judgment that "the City reimburse St. Paul for all or part of the defense costs and attorneys fees expended on behalf of The City by St. Paul in the Underlying Lawsuit, plus interest thereon running from the date of expenditure." (Complaint at 6) (emphasis removed). Plaintiff argues that, under *United National Ins. Co. v. R&D Latex*, 242 F.3d 1102 (9th Cir. 2001), when a declaratory judgment claim is accompanied by a reimbursement claim, jurisdiction that would otherwise be discretionary becomes mandatory.

Plaintiff's reliance on *United National* is inapposite. The appellee in *United National*, Mydrin Inc., filed a declaratory action for coverage in an insurance action against Travelers Insurance. Travelers filed a counterclaim for reimbursement for defense costs it had already expended in defending the underlying action. The district court declined to exercise its discretionary jurisdiction over the action. The *United National* court found that the reimbursement action was sufficiently independent from the declaratory action such that the district court had mandatory, rather than discretionary jurisdiction over the matter. The key difference between *United National* and the instant case is that in *United National,* the insurance company sought reimbursement for funds *already expended* on behalf of the insured. Travelers' claim for reimbursement in that action was therefore independent and did not depend upon the determination of the declaratory relief claim. In the instant case, Plaintiff's claim for reimbursement is completely tied to its claim for declaratory relief. Unlike the appellee in *United National*, Plaintiff has not plead any facts indicating that it has already expended funds representing the City in the State Action, nor has Plaintiff argued in its papers that it has expended any such funds. In fact, Defendant attests that Plaintiff has not yet spent any money in its defense in the State Action.(Supplemental Declaration of Donald P. Margolis, ¶ 2). Plaintiff does not contest this assertion. (Declaration of Patricia A. Clark, ¶ 4). The *United National* court noted that, "an insurance company seeking *reimbursement* of defense costs *already expended* is likely also to want an assurance in the form of declaratory relief that it will not owe future defense

costs...Reimbursement claims are therefore based on the equitable doctrine of restitution." *United National Ins. Co.*, 242 F.3d at 1113 (emphasis added). The rationale behind *United National* does not apply here as Plaintiff's declaratory action concerns future costs, not monies already expended. Plaintiff's claim, therefore, is not a true reimbursement claim, but a request for a determination of prospective liability. Accordingly, *United National* is distinguishable from the instant action.

### C. Exercise of Discretionary Jurisdiction

Next, the Court must decide whether to exercise jurisdiction over the current declaratory judgment action. For the reasons explained below, the *Brillhart* factors counsel against exercising jurisdiction. Strongly supporting this position is the fact that there is a related state proceeding which was filed previously to the instant action. Defendant notes that the State Action stems from precisely the same factual circumstances which gave rise the instant action, and involves many of the same core issues. Moreover, Defendant argues, the resolution of the current case requires the determination of facts which are also likely to be resolved in the underlying dispute. Defendant asserts that given the parallel nature of the proceedings in state court, it would be duplicative for this Court to entertain this action while the earlier case is pending in state court. The Court agrees. Where there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. *Dizol* at 1225. While the State Action doesn't have precisely the same parties as the instant action, it does arise from the same set of facts and will involve the resolution of many of the same issues. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754-55 (9th Cir. 1996), *overruled in part on other grounds by Dizol*. Entertaining the instant action would create substantial overlap in factual determination between the state and federal courts. *Dizol* at 1224-25.

Not only would retaining this declaratory action require the Court to "needlessly resolve" issues of state law already pending in state court, it would create a significant risk of inconsistent results between the two tribunals. For example, Plaintiff asks the Court to determine that the term "property damage", as specified in the Policies, does not include the type of damage sought by Alioto or other potential litigants. (Complaint at 4). In another count, Plaintiff seeks a declaration that any

1  damages sought by Alioto or the potential litigants did not result from an "accident" as defined by
2  the Policies. (Complaint at 4). Clearly, the resolution of such issues is fact-intensive and depends
3  upon a thorough elaboration of the particular circumstances behind the matter. The underlying state
4  litigation provides a more appropriate vehicle for developing the factual record than the instant
5  declaratory action. The court in that action is in a much better position to resolve these factually
6  intensive issues, since it has before it, a concrete dispute between the actual litigants. Declining
7  jurisdiction avoids the premature determination of these issues and prevents unnecessary
8  entanglement between the state and federal court systems.

9  Furthermore, it would be inappropriate to entertain this action, as Plaintiff asks the Court to
10 resolve policy coverage issues in the abstract, without reference to specific facts or particular
11 controversies. Plaintiff's Complaint seeks the determination of rights as to hypothetical litigants
12 including "any other third part[ies]" who have yet to file comparable suits arising from the City's
13 management of the Pier 49 facility . (Complaint at 6). Courts may decline declaratory jurisdiction in
14 coverage cases where "policy exclusions can be applied only in the light of factual determinations
15 that have not been made." *Hungerford,* 53 F.3d at 1017, *overruled in part on other grounds by Dizol.*
16 Here, the Court would be unable to adjudicate coverage scenarios involving litigants who have not
17 yet filed suit as this would involve pure conjecture on the part of the Court. Other *Brillhart* factors
18 favor declining jurisdiction in this matter. Defendant would be forced to litigate two actions
19 simultaneously, involving substantial overlap of issues, thereby creating an undue burden on
20 Defendant. Finally, a declaratory judgment at this premature stage would more likely confuse, rather
21 than clarify the issues in this action, and, as discussed above, would not fully resolve the instant
22 controversy with respect to the potential litigants who have not yet filed suit.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

**IT IS SO ORDERED.**

Dated: 12/21/2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE